Filing # 59753755 E-Filed 07/31/2017 06:12:55 PM

**Exhibit C**

**(State Court Docket Entry 3)**

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**

DYLAN MUTTY AND ROBERT GULLO, CASE NO.:

Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC., DEMAND FOR JURY TRIAL

Defendant.
_______________________________/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**COME NOW**, Plaintiffs, DYLAN MUTTY ("Mutty") and ROBERT GULLO ("Gullo") (hereafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant" or "MCM"), and in support thereof state as follows:

**PRELIMINARY STATEMENT**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72 *et seq.*

2. This is a class action for statutory damages, costs of litigation, and attorney's fees pursuant to the FCCPA.

3. A substantial part of the acts or omissions giving rise to the claims asserted in this Complaint occurred within the Middle District of Florida.

4. If a creditor fails to file suit to collect a debt within the applicable statute of limitations period, then the creditor has no right or ability to take legal action to collect on the debt. However, in Florida, the right to file suit can be "revived" if the consumer later recognizes that

debt by making even a modest payment. See Cadle Co. v. McCartha, 920 So. 2d 144 (Fla. 5th DCA 2006) (holding that statute of limitation is tolled through date of final partial payment). The FTC's position on the issue is that when collecting on a time-barred debt, to avoid creating a misleading impression, the collector must inform the consumer that "(1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive collector's ability to sue to collect the balance." Here, Defendant attempts to lure unsuspecting consumers into making modest payments on time-barred debts so that its legal rights can be revived.

5. This action arises out of the illegal manner in which MCM, a debt collector who purchases time-barred debts, attempts to collect time-barred debts without disclosing important information. Specifically, MCM fails to disclose to consumers that providing a partial payment of a time-barred debt could revive the collector's ability to take legal action to collect the balance.

6. MCM cannot be permitted to mislead individuals into a settlement of a claim which it cannot bring without violating the FDCPA and FCCPA. Because most consumers do not know or understand their legal rights with respect to the collection of time-barred debts, MCM's misleading debt collection letters that offer various repayment plans violate the FDCPA and FCCPA's consumer protections.

**PARTIES**

7. Mutty is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

8. Gullo is a natural person who resides in Pinellas County, Florida and is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

9. Defendant is a "Debt Collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7), and has a principal address in San Diego, California.

MCM's correspondence to Plaintiffs and the Class expressly state: "...this communication is from a debt collector."

10. Defendant is a Foreign Profit Corporation registered with the Florida Department of State, Division of Corporations. Defendant regularly conducts business in the state of Florida and also within this Judicial District.

11. The debt is a "consumer debt" as defined by the FCCPA, Florida Statute §559.55(6).

12. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72.

## FACTUAL ALLEGATIONS

13. It is alleged by Defendant that Mutty's debt was allegedly delinquent, in default, or considered to be in default, at the time MCM was assigned to collect the debt.

14. On or about March 15, 2017, MCM sent Mutty a debt collection letter ("hereinafter referred to as the Collection Letter") attached as Exhibit "A," which seeks to collect a consumer debt incurred for personal, family or household use. Exhibit "A" appears to be a "form" Collection Letter, generated by a computer and routinely sent to many individuals. Mutty received the Collection Letter shortly after it was mailed.

15. At the time MCM sent Mutty the Collection Letter, the lender's legal remedy for collecting on Mutty had already expired. Simply stated, Mutty's debt had become "time-barred," since the statute of limitation period has already expired at the time it sent the Collection Letter.

16. Despite this fact, MCM still attempted to collect Mutty's time-barred debt through issuance of the Collection Letter. Upon information and belief, MCM purchased Mutty's time-barred debt for pennies on the dollar, and to MCM, any payment by Mutty would provide an immediate return on its investment.

17. The Collection Letter states, in pertinent part:

SETTLEMENT IN FULL OFFER

Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at www.midlandcreditonline.com.

Option 1, 40% OFF – Payment due by 4-14-2017, You pay Only $967.67

Option 2, 20% OFF – First Payment due 4-14-2017, 6 Monthly Payments of Only $215.03.

Option 3, Monthly Payments As Law As $50 per Month*, Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set a payment plan that does.

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. We are not obligated to renew any offers provided.

Exhibit A (emphasis in original).

18. It is alleged by Defendant that Gullo's debt was allegedly delinquent, in default, or considered to be in default, at the time MCM was assigned to collect the debt.

19. On or about July 29, 2015, MCM sent Gullo a debt collection letter ("hereinafter referred to as the Collection Letter") attached as Exhibit "B," which seeks to collect a consumer debt incurred for personal, family or household use. Exhibit "B" appears to be a "form" Collection

Letter, generated by a computer and routinely sent to many individuals. Gullo received the Collection Letter shortly after it was mailed.

20. At the time MCM sent Gullo the Collection Letter, the lender's legal remedy for collecting on Gullo had already expired. Simply stated, Gullo's debt had become "time-barred," since the statute of limitation period has already expired at the time it sent the Collection Letter.

21. Despite this fact, MCM still attempted to collect Gullo's time-barred debt through issuance of the Collection Letter. Upon information and belief, MCM purchased Gullo's time-barred debt for pennies on the dollar, and to MCM, any payment by Gullo would provide an immediate return on its investment.

22. The Collection Letter states, in pertinent part:

> As a new consumer, we'd like to offer you a 10% discount on the balance. Pay $702.92 by 09-12-2015 and save $78.10. Read on and take a minute to get to know us...
>
> Next Steps... You Choose.
>
> Option 1: – Resolve the account and pay only $702.92! With this option, SAVE $78.10 if you pay by 09-12-2015.
>
> Option 2: – Set up a payment plan that works for you. Call (855) 977-1969 and speak to a professional Account Manager to set up a plan.
>
> P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side.
>
> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment of this debt will not affect your credit score. We are not obligated to renew this offer. We

will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

Exhibit B (emphasis in original).

23. Defendant routinely and systematically violated the FDCPA and the FCCPA by attempting to collect otherwise time-barred consumer debts from Class Members, including Plaintiffs, through the use of a series of form debt collection letters. These Collection Letters

(a) use false, deceptive, and misleading representations to collect debts from Plaintiffs and Class Members, namely attempting to collect or "settle" time-barred debts that have expired statutes of limitation;

(b) collect debts from Plaintiffs and Class Members using unfair and unconscionable means, attempting to collect the debts when the debts are beyond the statute of limitations; Defendant fails to disclose this fact yet attempts to nonetheless collect the time-barred debts;

(c) improperly and illegally use false, deceptive, or misleading representations or means to collect debts in violation of the FDCPA 15 U.S.C. § 1692 and the FCCPA Fla. Stat. § 559.72;

(d) attempt to enforce debts that Defendant knows are not legitimate; specifically, by offering settlements of a time-barred debt whereby Defendant's actions are undertaken in violation of the FCCPA, Fla. Stat. § 559.72(9); and

(e) assert the existence of a right that Defendant knows does not exist; namely, by failing to disclose that the debts that they are attempting to collect are time-barred, whereby Defendant's assertions are made in violation of the FCCPA, Fla. Stat. § 559.72(9).

24. Upon information and belief, MCM purchased Plaintiffs' and Class Members' time-barred debts for pennies on the dollar.

25. In Florida, the right to file suit can be "revived" if the consumer later recognizes the debt by making a partial payment on the debt. See Cadle Co. v. McCartha, 920 So. 2d 144 (Fla. 5th DCA 2006) (Holding that statute of limitations is tolled through date of the final partial payment).

26. Although it is improper for a debt collector to seek re-payment of the time-barred debt, the debt collector must take caution with the language it uses in its communications that seek to collect such debts. The FTC requires debt collectors, including debt buyers, to make disclosures to prevent deception in collecting on time-barred debts.

27. Here, MCM knows that Plaintiffs' debts are time-barred because MCM included language in its Collection Letters referencing the age of the debt and stating that "we will not sue you for [the debt]." However, it goes on to offer alternative payment plans that may legally affect the nature of the time-barred debt. Specifically, the Collection Letters fail to disclose the fact that paying even a small amount on a time-barred debt could "revive" the debt and allow MCM to file suit for the entire balance.

28. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC takes a position that in addition to disclosing that the debtor cannot be sued on the debt, debt buyers and debt collectors must pursue legal action to collect the entire balance. This is especially true when a consumer makes only one or a few partial payments, thereby giving MCM or its assignees (debts like these are frequently bought and sold) the ability to revive the debt and sue on the balance.

29. Because MCM's Collection Letters fail to disclose the potential for revival of the debts, it is misleading, unfair, and deceptive, in violation of the FDCPA and FCCPA.

30. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable attorney's fees for services rendered.

**CLASS ACTION ALLEGATIONS**

31. Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this action on behalf of themselves and all others similarly situated who are members of one or both of the following classes defined as:

*FDCPA Collection Letter Class*

> All consumer debtors from whom Defendant sent, in connection with the collection of a debt, or in an attempt to collect a debt, a collection letter in substantially the same form as any of the Collection Letters attached as Exhibit A and Exhibit B, to an address in Florida, for the purpose of settling a consumer debt beyond the applicable statute of limitations for such debt, in violation of the FDCPA where such improper collection activity took place or is continuing to take place within a one-year period of time prior to the filing of this Complaint and up through the present date.

*FCCPA Collection Letter Class*

> All consumer debtors from whom Defendant sent, in connection with the collection of a debt, or in an attempt to collect a debt, a collection letter in substantially the same form as any of the Collection Letters attached as Exhibit A and Exhibit B, to an address in Florida, for the purpose of settling a consumer debt beyond the applicable statute of limitations for such debt, in violation of the FCCPA where such improper collection activity took place or is continuing to take place within a two-year period of time prior to the filing of this Complaint and up through the present date.

32. Plaintiffs are unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant, MCM. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of MCM's business records. Upon information and belief, Plaintiffs believe that the putative class exceeds several hundred consumers and is therefore so numerous that joinder of all members would be impracticable.

33. The Collection Letter was an attempt by Defendant to collect a debt from Plaintiffs and their disposable income, specifically a balance allegedly due for purchases on a consumer credit card.

34. Questions of law and fact common to the Plaintiff Class exists and predominates over questions affecting only individual members, including, *inter alia*, the following:

(a) Whether MCM violated 15 U.S.C. §§ 1692e and e(10) by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt;

(b) Whether MCM violated 15 U.S.C. § 1692f by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt; and

(c) Whether MCM violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when it knew that the debt was not legitimate, or asserted the existence of some other legal right when it knew the right did not exist.

35. The claims asserted by the named Plaintiffs in this action are typical of the claims of the members of the Plaintiff Class as defined above because, upon information and belief, MCM

uses form collection letters that are routinely sent to consumers with time-barred debts. The claims of the Plaintiffs and of the Plaintiff Class originate from the same conduct, practice, and procedure on the part of MCM. Plaintiffs possess the same interests and have suffered the same injuries as each Class Member. There are no individual facts which distinguish the Plaintiffs from other Class Members that received debt collection letters for time-barred debts from MCM.

36. The named Plaintiffs will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because they have no interest antagonistic to the class they seek to represent, and because the adjudication of their claims will necessarily decide the identical issues for other class members. Whether MCM's debt collection letters sent to Plaintiffs violates the FDCPA and FCCPA is an issue that will be decided for all other consumers with identical letters. There is nothing peculiar about the Plaintiffs' situation that would make them inadequate as class representatives. Plaintiffs have retained counsel competent and experienced in both consumer protection and class action litigation.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class Member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class Member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiffs on an individual basis for such small claims. More importantly, the vast majority of Class Members are not aware that the debt collection letters used by MCM violate the FDCPA and FCCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect

a standardized pattern of conduct by MCM and class actions are commonly used in such circumstances.

**COUNT I**
**VIOLATION OF THE FDCPA 15 U.S.C. § 1692e and 1692f**

38. Plaintiffs, on behalf of themselves and all others similarly situated, repeat and re-allege each and every allegation contained in paragraphs 1-37 as if stated fully herein.

39. This is an action seeking class-wide relief for violations of the FDCPA.

40. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

41. At all material times herein, Plaintiffs and Class Members were "consumers" as defined by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8), since they are natural persons allegedly obligated to pay a consumer debt.

42. At all material times herein, Plaintiffs' debts and the debts of the Class Members were "debts" as defined by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6).

43. MCM sent Plaintiffs and all Class Members a similar, if not identical Collection Letter.

44. For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

45. FDCPA §1692e states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the

> collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.
>
> 15 U.S.C. § 1692e, e(2)(A) and e(10).

46. FDCPA § 1692f states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

47. MCM relies on its Collection Letters to mislead and confuse consumers into paying amounts (whether lawful or unlawful) on time-barred debts.

48. Although it may not be automatically improper for MCM to seek re-payment of Plaintiffs' and other Class Members' time-barred debts, MCM is required to exercise caution when doing so. In order to avoid creating a misleading impression as to the consequences of making partial payment on a time-barred debt, the FTC requires that debt buyers and debt collectors adequately disclose that providing a partial payment could revive the collector's ability to pursue legal action to collect the balance.

49. Because MCM's Collection Letters offer a discounted payment and alternative partial payment plans, MCM has created a misleading impression by failing to disclose clearly and prominently the effect of paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt.

50. By failing to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance, MCM has violated 15 U.S.C. §1692e, which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. In addition, MCM's Collection Letter violated 15 U.S.C. §1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

52. Moreover, MCM's Collection Letter uses unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, in that it fails to disclose the adverse effects of making a partial payments toward the time-barred debt.

53. As a direct and proximate result of MCM's violations, Plaintiffs and Class Members have been harmed. Plaintiffs and Class Members are entitled to actual and statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

54. Plaintiffs have retained the undersigned attorneys for the purposes of pursuing this matter against MCM and are obligated to pay their attorneys a reasonable fee for services.

**WHEREFORE**, Plaintiffs, DYLAN MUTTY and ROBERT GULLO, demand judgment against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following relief:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as class representatives, and appointing the undersigned as Class Counsel;

b. Adjudging that MCM violated the FDCPA sections enumerated above, and awarding Plaintiffs and Class Members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to 15 U.S.C. § 1692k;

c. Awarding Plaintiffs, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

d. Awarding Plaintiffs, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

e. Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)**

55. Plaintiffs re-allege and incorporate paragraphs 1-37 as if fully stated herein.

56. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

57. Defendant is subject to, and has violated the provisions of the FCCPA, Fla. Stat. § 559.72(9), when it knowingly claimed, attempted, and threatened to enforce a debt when Defendant knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant knew that the right did not exist.

58. Specifically, Defendant, in its respective Collection Letters, attempted to enforce, in part, debts Defendant knew were not legitimate by demanding payment of amounts that were beyond the applicable statute of limitations and incapable of lawful collection through a Florida court.

59. In addition, Defendant asserted the existence of a legal right with knowledge that such right does not exist through the use of Collection Letters that (a) demanded payment of amounts that were beyond the applicable statute of limitations and incapable of lawful collection

through court and (b) failed to advise the Plaintiffs and Class Members of the date the transactions giving rise the alleged debt occurred or that the alleged debt could not be legally enforced in court due to the passage of time.

60. As a direct and proximate result of Defendant's actions, Plaintiffs and Class Members are entitled to statutory damages as defined by Florida Statutes § 559.77, as well as actual damages, and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues presented in this Complaint.

Dated this 31st day of July, 2017.

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Florida Bar No. 013183
Boss Law
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorneys for Plaintiff**

/s/ Charles M.R. Vethan
**Charles M.R. Vethan, Esq. *Of Counsel***
Vethan Law Group, P.C.
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
**Attorneys for Plaintiff**